IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANCIS KEISTER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:22-cv-00 376 |
| | ) Judge Aleta A. Trauger |
| METRO NASHVILLE POLICE DEPARTMENT, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

Before the court are *pro se* plaintiff Francis Keister's Objections (Doc. No. 94) to Magistrate Judge Frensley's Report and Recommendation ("R&R") (Doc. No. 90), which recommends that the Motion to Dismiss (Doc. No. 65) filed on behalf of defendants the Metropolitan Nashville Police Department ("MNPD"), the Davidson County Sheriff's Office ("DCSO"), the Nashville Public Library,[1] Officer Parson, and the General Sessions Court for Davidson County (collectively, the "municipal defendants"), be granted. The municipal defendants have filed a Response in opposition to the Objections. (Doc. No. 96.)

As set forth herein, the Objections will be overruled, and the R&R will be accepted in its entirety. The municipal defendants' Motion to Dismiss will be granted; the claims against the MNPD, the DCSO, and the Nashville Public Library will be dismissed with prejudice, and the claims against Officer Parson and the General Sessions Court will be dismissed without prejudice.

---

[1] The Second Amended Complaint identifies the "Metro Nashville Memorial Library System" as a defendant. (Doc. No. 33, at 2.) Pursuant to the Metropolitan Charter, however, the proper name for the public library is the Nashville Public Library. Metropolitan Charter § 11.1201 ("The metropolitan government shall provide for the maintenance and operation of the Nashville Public Library.").

This ruling does not affect the plaintiff's claims against the other two defendants named in the Second Amended Complaint, Alberto Meneces (incorrectly sued as Albeto Meneles) and Ezekiel Oo, both of whom have now filed their own dispositive motions.

I.  FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff's Second Amended Complaint ("SAC") (Doc. No. 33) purports to state claims under 42 U.S.C. § 1983 based on violations of his civil rights in connection with evictions that took place in October 2021 and October 2020. (Doc. No. 33, at 5.)[2]

In the Order referring this case to the Magistrate Judge, the court notified the plaintiff that he was "responsible for effecting service of process on the defendants in accordance with Federal Rule of Civil Procedure 4" and provided the plaintiff the link to the court website where he could access the Federal Rules of Civil Procedure. (Doc. No. 37, at 1.) The court also advised the plaintiff that "[f]ailure to timely complete service of process could result in dismissal of this action." (*Id.* a 2 (citing Fed. R. Civ. P. 4(m)).) Nearly three months later, the Magistrate Judge granted the plaintiff an additional 30 days to provide properly completed summonses to the Clerk, in order to permit the Clerk to issue the summonses. (Doc. No. 43.) The plaintiff was again "cautioned that failure to . . . promptly serve the Defendants may result in a recommendation that this action be dismissed." (*Id.* at 2.) Summonses were then issued on January 13, 2023. (Doc. No. 45.) Ten days later, the Magistrate Judge denied the plaintiff's confusing request relating to service and again notified him that "[a] summons must be served with a copy of the complaint" on each defendant

---

[2] The SAC includes six pages of narrative apparently intended to substantiate this assertion, but they are, for all practical purposes, illegible. (Doc. No. 33, at 8–12.) As best the court can tell, the pleading provides no clue as to the factual basis for the claim against the Nashville Public Library.

and that the *plaintiff* was "responsible for service of the summons and the complaint" in accordance with Rule 4 of the Federal Rules of Civil Procedure. (Doc. No. 47.)

The plaintiff thereafter submitted a declaration of proof of service in which he swore that a "true and real copy" of the Summonses and Complaint was served on the municipal defendants by delivery of such copy to the Department of Law of the Metropolitan Government of Nashville and Davidson County ("Metro Government") at the Historic Metro Courthouse and that the "official designee" who accepted service on behalf of those defendants was an individual named John Williams. (Doc. No. 50.) According to a Declaration submitted by counsel for the municipal defendants, a Law Clerk named Jack Thompson, employed by the Department of Law, was given an envelope on February 10, 2023 by a courthouse security guard, which the guard had received earlier that day from an "unknown person." (Doc. No. 68, Thompson Decl. ¶ 3.) The envelope contained multiple copies of the SAC, as well as Summonses for each of the municipal defendants. (*Id.*) The courthouse security guard's name was not John Williams, and Thompson attests that he is not aware of anyone by that name. (*Id.* ¶ 4.) Neither Thompson nor the security guard is authorized to accept service of process on behalf of the Metro Government or on behalf of any other Metro employees. (*Id.* ¶ 5.)

According to the Declaration of Allison Bussell, Associate Director of Law over the Litigation Division of the Metro Department of Law, Bussell mailed letters to Keister on June 28, August 2, and August 23, 2022 in response to his attempts to serve Officer Parson, the MNPD, and the Davidson County District Attorney's Office by delivering summonses to the Department of Law. (Doc. No. 69, Bussell Decl. ¶¶ 2, 3.) In each of these letters, Bussell notified Keister that the Department of Law was not authorized to accept service for any of the individuals or entities identified on the summonses. (Doc. Nos. 69-1, 69-2, 69-3.)

The Metro Department of Law has made a limited appearance in this case as counsel for the municipal defendants, solely for the purpose of filing the Motion to Dismiss. These defendants argue that dismissal is appropriate on the basis that: (1) several of the named parties lack capacity to be sued; and (2) none of these defendants was properly served. (Doc. Nos. 65, 66.)

In his Response, the plaintiff concedes that the Summonses and Complaints were "drop[ped] off at the security post and the envelope was passed on to a team member of the Metropolitan Law Department." (Doc. No. 71, at 4.) He insists that this constitutes proper service under "Rule 4.04(1)" and "Rule 4.04(8)" of the Federal Rules of Civil Procedure and the Tennessee Rules of Civil Procedure. (*Id.*) He also maintains that the Metro Department of Law is authorized to accept service on behalf of the municipal defendants, as it is designated by the Metro Charter to represent the Metro Government in all litigation. (Doc. No. 71, at 3.) He maintains that the defendants' motion was made in bad faith and that all of the defendants are proper entities capable of being sued under 42 U.S.C. § 1983. (Doc. No. 70, at 1.)

The Magistrate Judge recommends that the Motion to Dismiss be granted. As set forth in the R&R, he finds, first, that the claims against the MNPD, DCSO, and Nashville Public Library should be dismissed with prejudice under Rule 12(b)(6), on the grounds that these defendants are not entities capable of being sued separate and apart from the Metropolitan Government, as a result of which the plaintiff must "pursue the cause of action" against the Metro Government itself. (Doc. No. 90, at 7–8.) The Magistrate Judge recommends that the claims against Officer Parson and the General Sessions Court be dismissed without prejudice, under Rule 12(b)(5), due to insufficient service of process, on the grounds that they were not properly served.

In his Objections, the plaintiff cross-references the arguments he already made in response to the Motion to Dismiss and again insists that the Summonses and Complaint were properly

served under Rule 4(e) by "an Individual above the age of 18 who is not a party in the proceedings" and who was an "official agent" of the Metro Department of Law "authorized to receive all legal document . . . in a legal proceeding under the [Metro] Code." (Doc. No. 94, at 4–5.)

## II. LEGAL STANDARD

Within fourteen days after being served with a report and recommendation any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

District judges generally will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Moore v. Prevo*, 379 F. App'x 425, 428 n.6 (6th Cir. 2010); *Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 & n.2 (6th Cir. 2010) (declining to review an issue that the district judge did not consider because it was not presented to the magistrate judge); *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *1 (6th Cir. May 5, 2010) (concluding that a plaintiff waived a claim by failing to raise it before the magistrate judge).

Finally, although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. ANALYSIS

The plaintiff does not actually contest the factual or legal basis for the Magistrate Judge's recommendations. Instead, he simply insists in a conclusory fashion that service was proper and that the defendants are proper entities to be sued. The court has no obligations to address vague and conclusory objections or general objections directed at the entirety of an R&R.

Nonetheless, the court has considered the record as a whole and reviewed the Magistrate Judge's findings and recommendations *de novo* and finds no error of fact or law. The Magistrate Judge carefully and accurately explained the basis for his conclusion that the MNPD, DCSO, and Nashville Public Library are not suable entities, and he also explained why service in this case was ineffective. The plaintiff's Objections are without merit.

### IV. CONCLUSION AND ORDER

For the reasons set forth herein, the R&R (Doc. No. 90) is **ACCEPTED** in its entirety. The Motion to Dismiss (Doc. No. 65) is **GRANTED**, and all claims against the MNPD, DCSO, and

Nashville Public Library are **DISMISSED WITH PREJUDICE**, as these organizations are departments within the Metro Government and are not separate entities susceptible of being sued in their own right. The dismissal of the claims against these defendants is without prejudice to the plaintiff's ability to move to amend his pleading to assert the same claims against the Metro Government, which is the appropriate entity to sue if the plaintiff believes a policy or practice of some department of the Metro Government has violated his constitutional rights.

The claims against Officer Parson and the General Sessions Court are hereby **DISMISSED WITHOUT PREJUDICE**, for insufficient service of process.

Again, the dismissal of the claims against these defendants has no effect on the claims against the remaining defendants, and this case remains on referral to the Magistrate Judge for action on the dispositive motions filed by those defendants.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge