UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANCIS KEISTER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3: 22-cv-376 |
| ) | District Judge Trauger |
| METRO NASHVILLE POLICE ) | Magistrate Judge Frensley |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This fee-paid, pro se 42 U.S.C. § 1983 action is before the Court on remaining defendants Alberto Meneces's motion for summary judgment, Docket No. 79, and Ezekiel Oo's motions to dismiss. Docket. Nos. 91, 97-98, 100. After reviewing the record and the briefs, the undersigned recommends that defendant Meneces's motion be granted, defendant Oo's motions be denied as moot, and the claims against defendant Oo in the second amended complaint be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

In his second amended complaint, plaintiff Francis Keister, Jr., alleges he was wrongfully evicted from rental property he was leasing and that was owned by Alberto Meneces based on his race, black. Docket No. 33. He asserts claims under 42 U.S.C. §§1983 and 1981, and other federal laws. Keister named as defendants

the Metro Nashville Police Department (MNPD); the Davidson County Sherriff's Department (DCSO); Officer Parson; General Sessions Court for Davidson County, Nashville, Tennessee; Metro Nashville Memorial Library system; Ezekiel Oo; and Alberto Meneces.  The Court dismissed the claims against MNPD, DCSO, and the Nashville Public Library for failure to state a claim by order dated August 28, 2023.  Docket Nos. 90, 99.  It dismissed the claims against Officer Parson and the General Sessions Court without prejudice for insufficient service of process.  *Id.*  Alberto Meneces and Ezekiel Oo remain as defendants.

Meneces now moves for summary judgment on all claims.  Docket No. 79.  Meneces argues plaintiff's § 1983 claim fails because he was not acting under color of state law as required by the statute.  He argues his § 1981 claims fails because plaintiff has presented no facts to support any intent to discriminate on the basis of race and the suit does not involve any rights enumerated under that section.  He argues any claim under the Fair Housing Act, 42 U.S.C. § 3604, fails because he did in fact lease rental property to plaintiff. In support of his motion Meneces submitted his sworn affidavit, a copy of the landlord tenant rental agreement (lease) at issue, the Notice of Termination, and state court documents from plaintiff's eviction proceedings.  Docket No. 82-1 pp 8-25.

Plaintiff opposes the motion, submitting a two-page reply brief in which he merely states "there is enough material facts in plaintiff (sic) complaint to move this case in the next face in this proceeding."  Docket No. 87 p-1.

2

The Court relies on the statement of facts presented by defendant Meneces in his motion. This statement of facts is supported by Meneces's affidavit and supporting documents. Plaintiff has not disputed Meneces's statements of facts in that he has failed to respond to the merits of defendant's motion for summary judgment by affidavit or other evidence.

The uncontroverted evidence reveals the following. Meneces was the owner of real property located at 532 Bluewater Drive, Nashville, TN 37217 (property) from 2012 until he sold the property on April 26, 2021. On June 25, 2019, he entered into a lease agreement (lease) with Plaintiff, whereby plaintiff would rent a portion of the property from him for $600.00/month. Plaintiff moved into the property on June 28, 2019. Plaintiff paid his first month's rent. The term of the lease was initially for two months, from June 28, 2019, to August 28, 2019, and upon expiration, the lease would automatically revert to a month-to-month agreement. Docket No. 82-1 at 2-3.

On June 5, 2020, Meneces sent plaintiff a letter informing him that he was exercising his right to terminate the lease pursuant to the lease agreement, and that plaintiff was to vacate the premises no later than June 30, 2020. Docket No. 82-1 at 12; Notice of Termination. Plaintiff did not vacate the premises by June 30, 2020. Docket No. 82-1 at 3; Meneces Aff.

In June 2020 and thereafter plaintiff's monthly rent for the property was $600. However, in June 2020, plaintiff paid Meneces $400. Plaintiff was charged a

3

Case 3:22-cv-00376  Document 103  Filed 01/03/24  Page 3 of 15 PageID #: 367

$125 late fee pursuant to the lease and was in arrears in the amount of $325 as a result. Plaintiff meanwhile remained on the premises. Id. at 3.

Although he remained on the property, plaintiff did not submit any rent payments from July through October 2020. By October 2020, plaintiff had not paid his arrears balance of $3,225 in past due rent and late fees. Id. at 4.

On July 2, 2020, Meneces filed a detainer warrant with the Davidson County General Sessions Court seeking possession of the property and plaintiff's eviction. On September 1, 2020, following a hearing, the state court entered an order granting Meneces possession of the property. Plaintiff appealed. Docket No. 82-1 at 16.

A non-jury trial on the appeal of the detainer warrant was conducted on September 28, 2020. Docket No. 82-1 at 19-20. In an order dated that same day, the trial court found Meneces was entitled to possession of the property and ordered plaintiff to vacate the premises. Specifically, the court found the lease agreement was month-to-month. It found that plaintiff's claims of racial discrimination against Meneces were "entirely unfounded," that plaintiff and his testimony were not credible, and that there was no evidence that Meneces discriminated against plaintiff or based the termination of the periodic lease on plaintiff's race. The court stated that if plaintiff were to remain in possession of the property and appeal the September 28, 2020 order, then he would have to post a bond of $6,000. Id.

Plaintiff filed a notice of appeal with the Tennessee Court of Appeals on October 5, 2020. He did not post the requisite bond of $6,000. Plaintiff defied the September 28, 2020 order, and instead remained on the premises. On October 8,

4

Case 3:22-cv-00376    Document 103    Filed 01/03/24    Page 4 of 15 PageID #: 368

2020, Meneces filed a writ of possession to have plaintiff forcibly removed from the premises. Docket No. 82-1 at 5-6; Meneces Aff.

The September 28, 2020 order was executed via a mandate from the Tennessee Court of Appeals, and on October 19, 2020, plaintiff was forcibly removed from the property by the Davidson County Sheriff's Office after Meneces was granted a writ of possession. On April 12, 2021, plaintiff's appeal was dismissed. Plaintiff failed to pay rent from the time he paid $400 in June 2020 until he was removed from the premises on October 19, 2020. *Id.*

Meneces argues he did not evict plaintiff because of his race but did so because it was his right to do so under the lease. He notes plaintiff failed to pay rent while he was living on the property for several months while the eviction process took place in the Tennessee state courts.

## II. DISCUSSION

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed.R.Civ.P. 56(a)*. If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91

5

Case 3:22-cv-00376    Document 103    Filed 01/03/24    Page 5 of 15 PageID #: 369

L.Ed.2d 265 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the non-moving party." *Moldowan,* 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

At this stage, " 'the judge's function is not ... to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.' " *Id.* (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). But "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the party's proof must be more than "merely colorable." *Anderson v. Liberty Lobby,* 477 U.S. 242, 249, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party. *Moldowan,* 578 F.3d at 374 (citing *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505).

**1. Section 1983 Claim**

Meneces argues he is entitled to summary judgment on plaintiff's § 1983 claim because he was a private actor and was not acting under color of state law at any time relevant to the present lawsuit. The undersigned agrees.

To bring a successful claim under 42 U.S.C. § 1983, a plaintiff must establish "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). "The traditional definition of acting under color of state law requires that the

defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrong-doer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Private violation of constitutional rights or federal statutes by a private actor is not sufficient to state a claim under section 1983. *See Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 940 (1982).

A private actor may be liable under § 1983 if a plaintiff can establish a conspiracy or joint participation between the private actor and a state official to deprive the plaintiff of constitutional rights. *See Lugar*, 457 U.S. at 931. An act violating the Constitution is considered to have occurred under color of law if it is "fairly attributable" to a governmental entity. *Id.* at 937 (1982)). "The Supreme Court has recognized a number of circumstances in which a private party may be characterized as a [governmental] actor," including "where a private actor is a 'willful participant in joint activity with the [governmental entity] or its agents.'" *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151 (1970)). "The one unyielding requirement is that there be a 'close nexus' not merely between the state and the private party, but between the state and the alleged deprivation itself." Id. (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Here, plaintiff's lengthy, handwritten second amended complaint is still largely illegible despite the court's repeated orders directing plaintiff to submit an appropriate pleading. Docket No. 11, 18, 21, 31. Therefore, to the extent plaintiff

7

is asserting Meneces was acting under color of state law, he has failed to present any facts to establish his assertion. The uncontroverted material facts demonstrates that Meneces was a private actor and private landlord leasing a room to plaintiff for a short period of time. Therefore, plaintiff must present evidence to establish Meneces was working with the government as a co-conspirator or was providing some sort of government function. *Lugar*, 457 U.S. at 931. Plaintiff has made no such showing. The undisputed material facts demonstrate Meneces was a private landlord who opted to terminate the lease as was his right under the lease, and which resulted in drawn-out legal proceedings after plaintiff chose not to vacate the premises.

Based on the above, the undersigned concludes that because plaintiff has presented no evidence demonstrating Meneces was acting under color of law, plaintiff's § 1983 claim against him should fail as a matter of law.

### 2. Fair Housing Act Claim

Plaintiff's next appears to attempt to assert a cause of action under the Fair Housing Act (FHA), 42 U.S.C. § 3604, by the mere mention of it in his second amended complaint. To the extent he is asserting a FHA claim, this claim fails. The FHA makes it unlawful to "refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a); *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 537 (6th Cir. 2014). Further, it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or

rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." Id. § 3604(b ).

To prove a case under the FHA, plaintiff must show: (1) that he is a member of a racial minority; (2) that he applied for and was qualified to rent or purchase certain property or housing; (3) that he was rejected; and (4) that the housing or rental property remained available thereafter. *Selden Apartments v. United States Dep't of Hous. & Urban Dev.,* 785 F.2d 152, 162 (6th Cir. 1986). Meneces argues plaintiff has failed to establish the third and fourth elements. The undersigned agrees.

Here, assuming *arguendo* that plaintiff has established the first two elements, he fails to establish steps three and four. As to step three, the undisputed facts demonstrate that plaintiff was not rejected for rental; he lived as a tenant on Meneces's property for nearly one year. As to step four, the undisputed facts demonstrate Meneces sold the property in April 2021, approximately six months after plaintiff was forcibly removed. Therefore, the property did not remain available.

Based on the above, plaintiff has failed to set forth any facts to prove his claim under the FHA. And Meneces has demonstrated proof that plaintiff cannot prove his claims. Therefore, plaintiff's FHA claim should fail.

Based on the above, the undersigned recommends that defendant be granted summary judgment on plaintiff's claim under the FHA.

### 3. Section 1981 Claim

Plaintiff appears to have a brought a claim against Meneces pursuant to 42 U.S.C. § 1981. The undersigned recommends this claim should fail as a matter of law. "The purpose of 42 U.S.C. § 1981 is to prohibit discrimination in the 'performance, modification and termination of contracts' and to protect 'the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.' 42 U.S.C. § 1981(b). "All the traditional tools of statutory interpretation persuade us that §1981 follows the usual rules, not any exception. To prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. National Assn. of African American-Owned Media,* 589 U.S. ___ ); 140 S. Ct. 1009; 206 L. Ed. 2d 356 (2020) (contract case; holding a §1981 plaintiff bears the burden of showing that the plaintiff's race was a but-for cause of its injury, and that burden remains constant over the life of the lawsuit).

In this Circuit, the same analysis applies for §1981 and FHA violations. *Jackson v. Whitehouse,* No. 92–CV–74725–DT, 1993 U.S. Dist. LEXIS 18766, at *14 (E.D. Mich. Nov. 23 1993). Both turn on the three-part evidentiary standard first developed in the employment discrimination context by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Courts have adapted this test to fair housing claims by requiring the plaintiff to first establish a *prima facie* case of discrimination. Then, in response, the defendant must offer a legitimate nondiscriminatory reason for the housing

decision made. Finally, the plaintiff must show that the proffered reason is a pretext that masks discrimination. *Selden v. United States Dep't of Hous. and Urban Dev.,* 785 F.2d 152, 160 (6th Cir. 1986).

Plaintiff again fails to meet the third and fourth prongs of this standard. A *prima facie* housing discrimination case is shown when the plaintiff proves: (1) that he or she is a member of a racial minority, (2) that he or she applied for and was qualified to rent or purchase certain property or housing, (3) that he or she was rejected, and (4) that the housing or rental property remained available thereafter. *Id.* at 159.

This lawsuit does not involve the making and enforcing of contracts. Nor does it involve being parties to a lawsuit. It involves a properly carried out eviction. The undisputed facts show that Meneces leased property to plaintiff, that they executed a lease, and that Meneces did so having actual knowledge that plaintiff was a racial minority. Approximately eleven months later, Meneces exercised the right provided to him in the lease by terminating the month-to-month lease.

Moreover, plaintiff has presented no facts to demonstrate Meneces had any intent to discriminate on the basis of race. Meneces attested that he did not evict plaintiff on the basis of race, and the state trial court agreed. The state court found plaintiff's claims of racial discrimination were entirely unfounded, that plaintiff's testimony was not credible, that there was no evidence that Meneces discriminated against plaintiff or based the termination of the periodic lease on plaintiff's race.

Based on the above, the undersigned recommends that Meneces be granted summary judgment on plaintiff's § 1981 claim.

### 4. Ezekiel Oo's motions to dismiss

Plaintiff also names as a defendant Ezekiel Oo. Oo, proceeding pro se, has filed four, one-page, hand-written filings, all of which the court construes as motions to dismiss. Docket Nos. 91, 97, 98, 100. Oo does not refute facts or state any legal grounds for dismissal. He merely states the suit against him should be dismissed because it is impeding his employment opportunities as a security guard.

Plaintiff has not filed responses to these motions and the time to do so has passed. However, it is not necessary for the Court to await a response and decide the motions because, for the reasons stated below, the undersigned recommends plaintiff's second amended complaint as directed to defendant Oo be dismissed sua sponte.

Pro se pleadings generally are entitled to liberal construction and are held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), but the lenient treatment generally accorded pro se pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Pro se plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or construct claims for them. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

A federal district court may, at any time, sua sponte dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (fee-paid, non-prisoner plaintiff). In other words, a district court may sua sponte dismiss a complaint under Rule 12(b)(1) where it lacks "the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480. A plaintiff has the burden of proving subject matter jurisdiction in order to survive dismissal pursuant to Rule 12(b)(1). *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Plaintiff has not met this burden.

The undersigned recommends that the second amended complaint be dismissed sua sponte pursuant to *Apple v. Glenn*. The statements in the second amended complaint fail to meet basic pleading requirements despite repeated admonitions to remedy by the Court. Despite repeated opportunities to amend his complaint, the Court still cannot decipher allegations against Oo in plaintiff's pleading. Nor does the second amended complaint appear to contain any legal theory upon which a valid federal claim may rest. Plaintiff's statements are incomprehensible and unsubstantial, and therefore, do not provide a basis to establish this Court's subject matter jurisdiction over a federal claim against defendant Oo in the case.

Accordingly, the undersigned recommends this action be dismissed sua sponte in its entirety as to defendant Oo for lack of subject-matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn*. In light of this ruling, the undersigned recommends defendant Os's motions to dismiss be denied as moot.

### III. CONCLUSION

Based on all of the foregoing, the undersigned recommends that Defendant Alberto Meneces's motion for summary judgment (Docket No. 79) be **GRANTED** and the claims against him be **DISMISSED WITH PREJUDICE.**

The undersigned further recommends this action be dismissed sua sponte in its entirety as to defendant Oo for lack of subject-matter jurisdiction pursuant to the Court's authority established in *Apple v. Glenn*.

The undersigned finally recommends that defendant Ezekiel Oo's filings, (Docket Nos. 91, 97-98, 100) construed by the court as motions to dismiss, be **DENIED AS MOOT.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140,

106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**